IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEHRAVEH GARJANI, NASRIN
MALEKI DIZAJI and ALIREZA GARJANI

                Plaintiffs,

   v.

PETE R. FLORES, MARCO RUBIO,
WARREN A. STEPHENS, and MATTHEW PALMER,[1]

                Defendant.

ORDER

24-cv-539-jdp

---

Plaintiff Mehraveh Garjani, a lawful permanent resident of the United States, brought this lawsuit to compel United States government officials to adjudicate the non-immigrant visa applications of her parents, Iranian citizens Nasrin Maleki Dizaji and Alireza Garjani. Plaintiffs now seek a temporary restraining order compelling defendants to adjudicate the visa applications before June 9, 2025, when the recent presidential proclamation barring the issuance of visas to Iranian citizens takes effect.[2]

A party seeking preliminary relief must make two threshold showings: a likelihood of success on the merits and irreparable harm. *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). These are independent

---

[1] The complaint, filed during the previous presidential administration, named Troy Miller, Antony Blinken, Jane Hartley, and Matthew Palmer as defendants in their official capacities as Commissioner for U.S. Customs and Border Protection, Secretary of State, U.S. Ambassador to the United Kingdom, and Deputy Chief of Mission to the U.S. Embassy in London respectively. The court has updated the caption to reflect the current officeholders of those positions. *See* Fed. R. Civ. P. 25(d)

[2] *See* https://www.whitehouse.gov/presidential-actions/2025/06/restricting-the-entry-of-foreign-nationals-to-protect-the-united-states-from-foreign-terrorists-and-other-national-security-and-public-safety-threats/ (Jun. 4, 2025).

requirements, so if a plaintiff fails to show irreparable harm, the court may deny an injunction on that ground alone, without considering the plaintiff's likelihood of success. *DM Trans, LLC v. Scott*, 38 F.4th 608, 618 (7th Cir. 2022). Preliminary relief generally maintains the status quo; preliminary orders requiring defendants to take affirmative acts are issued rarely and only when the record "definitive[ly] support[s]" the requested relief. *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978).

In this case, plaintiffs have shown some likelihood of success on the merits. Visa applications are not subject to strict deadlines, but the applicant is entitled to a decision in a reasonable time. *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017). Plaintiffs don't say how long it normally takes to adjudicate a non-immigrant visa from an Iranian citizen, but it's a reasonable inference that 29 months is unusually long. Whether it's unreasonably long is a determination that the court cannot make without hearing from the government, but the timing of plaintiff's motion doesn't allow time for the government to make an informed response.

The fatal problem is that plaintiffs cannot show irreparable harm in the absence of preliminary relief. The State Department has absolute discretion in deciding whether to grant or deny a visa application. *Dep't of State v. Munoz*, 602 U.S. 899, 907–08 (2024); *see also Trump v. Hawaii,* 585 U.S. 667, 702 (2018). The presidential proclamation issued on June 4 expresses the view that national security considerations justify barring all Iranian citizens from obtaining visas. In light of the recent proclamation, it's all but certain that the State Department would deny Dizaji and Garjani's visa applications, even if the court ordered defendants to adjudicate them before June 9. The source of injury to plaintiffs is no longer the State Department's foot dragging, it's the President's travel ban. Because an order to adjudicate the visa application

would not give plaintiffs the relief they seek, the court will deny the motion for preliminary relief.

ORDER

IT IS ORDERED that plaintiffs' motion for a temporary restraining order, Dkt. 14, is DENIED.

Entered June 6, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge