IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEHRAVEH GARJANI, NASRIN
MALEKI DIZAJI and ALIREZA GARJANI

                    Plaintiffs,

  v.

PETE R. FLORES, MARCO RUBIO,
WARREN A. STEPHENS, and MATTHEW PALMER,

                    Defendant.

ORDER

24-cv-539-jdp

---

Plaintiff Mehraveh Garjani, a lawful permanent resident of the United States, brings this suit to compel United States government officials to adjudicate the visa applications of her parents, Iranian citizens Nasrin Dizaji and Alireza Garjani. Defendants move to dismiss this suit for improper venue, or, alternatively, to transfer this suit to the United States District Court for the District of Columbia. Defendants contend that Mehraveh Garjani, the only plaintiff who resides in this judicial district, does not have a legally enforceable interest in her parents' visa applications and thus her residence should not be considered in determining proper venue. The court concludes that Garjani has standing to sue in this case and the court will deny defendants' motion to dismiss or transfer venue. However, the court will order plaintiffs to show cause why this case should not be dismissed because of the president's recently enacted travel ban against Iranian citizens.

ANALYSIS

**A. Venue**

Defendants contend that the Western District of Wisconsin is an improper venue for

this case. In civil actions against officers of the United States, venue is proper when 1) a defendant or plaintiff is a resident of the judicial district or 2) a substantial part of the events giving rise to the claim occurred within the judicial district. 28 U.S.C. § 1391(e)(1). The parties agree that Garjani resides in Waunakee, Wisconsin, which is in this judicial district. Dkt. 6 at 1. But defendants contend that Garjani's residence doesn't matter because she doesn't have standing to sue in this case.

Defendants rely on *Department of State v. Muñoz*, 602 U.S. 899 (2024), in which the Supreme Court held that a United States citizen could not challenge the denial of her husband's visa application because she did not have a fundamental constitutional right to live with her non-citizen spouse in the United States. 602 U.S. 899, 902 (2024). But *Muñoz* is not instructive in this case. *Muñoz* concerned substantive constitutional rights; it says nothing about whether family members of visa applicants have standing to challenge the government's delay adjudicating a visa application. A plaintiff may have standing even if she lacks a legally enforceable right. *See Matushkina v. Nielsen*, 877 F.3d 289, 292 (7th Cir. 2017). *Muñoz* did not change the standard analysis for standing, which requires a plaintiff to show only that she (1) has suffered an injury in fact (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Garjani plainly has standing under that standard. She says in the complaint that she has suffered emotional distress and delayed starting a family because her parents cannot come to the United States. Dkt. 1 ¶¶ 31–32. That is a concrete, redressable injury, which can be fairly traced to defendants' delay adjudicating her parents' visa applications. Garjani is a proper plaintiff in this action, so her residence in this district means that venue is proper under 28 U.S.C. § 1391(e)(1).

Defendants also contend that even if venue is proper, this case should be transferred to the District of Columbia under 28 U.S.C. § 1404(a). Section 1404(a) calls for a case-by-case consideration of convenience and fairness, committed to the discretion of the district court. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). If the balance of convenience is close, merely shifting inconvenience from one party to another does not justify transfer. *Id.* at 978–79. The burden is on the government, as the party seeking transfer, to show that transfer is warranted. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

Here, the balance of convenience clearly weighs against a transfer. The government can appear in either forum without substantial hardship, whereas it would be a much more significant burden for Garjani to travel across the country to litigate this case in Washington, D.C. Nor has the government shown that the District of Columbia is more convenient for potential witnesses and documents. The government offers a conclusory assertion that "relevant documents are more likely to be in Washington, D.C.," but the documentary evidence is likely stored electronically, so this won't pose a substantial hurdle. Dkt. 6, at 9. The interests of justice do not tip the scale: the government points out that the speed to trial is slower in this forum than in the District of Columbia, but that doesn't outweigh the other considerations, particularly because plaintiffs are the only party harmed by any delay and they want to litigate in this forum.

In sum, venue is proper in this district and transfer is not warranted under § 1404(a). The court will deny defendants' motion to dismiss or transfer for lack of proper venue.

**B. Other issues**

There are two other outstanding issues. First, in a footnote in their brief in support of their motion to dismiss, defendants asked the court to dismiss Pete Flores, head of U.S. Customs and Border Protection, arguing that he is not a proper defendant because his office does not adjudicate visa applications. Plaintiffs responded that Customs and Border Protection is involved in the adjudication process because it conducts background checks on visa applicants. Plaintiffs have alleged enough to suggest that Customs and Border Protection may be involved in the delay of plaintiffs' visa applications, so the court will not dismiss Flores at the pleading stage.

Second, as plaintiffs acknowledged in a recent emergency motion, a presidential proclamation now bars the issuance of visas to Iranian citizens, making it all but certain that plaintiffs will not receive the visas they seek. *See* Dkt. 14–17. The presidential proclamation does not moot this case, but it does make it futile as a practical matter because plaintiffs' visa applications are certain to be denied. The court will give the plaintiffs until July 10, 2025, to show cause why this case should not be dismissed in light of the president's travel ban.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss or transfer for improper venue, Dkt. 5, is DENIED.

2. Plaintiffs have until July 10, 2025, to show cause why this case should not be dismissed in light of the president's travel ban.

Entered June 30, 2025.

                                BY THE COURT:

                                /s/

                                _____
                                JAMES D. PETERSON
                                District Judge