IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEHRAVEH GARJANI,
NASRIN MALEKI DIZAJI, and
ALIREZA GARJANI,

Plaintiffs,

v.

RODNEY SCOTT, MARCO RUBIO,
WARREN STEPHENS, and MATTHEW PALMER,

Defendants.

OPINION and ORDER

24-cv-539-jdp

---

Plaintiff Mehraveh Garjani, a citizen of the United States, brings this suit for declaratory and injunctive relief related to the visa applications of her parents, Iranian citizens Nasrin Dizaji and Alireza Garjani. In their original complaint, plaintiffs asserted that the government had unduly delayed in adjudicating their visa applications. But in June 2025, the president issued a proclamation barring Iranian citizens from entering the United States, Proclamation 10949, 90 Fed. Reg. 24497 (June 4, 2025), and shortly after that, a consular officer denied Nasrin and Alireza's visa applications, citing the presidential proclamation. After the visa applications were denied, Mehraveh Garjani filed new petitions for family-based visas on behalf of her parents. Plaintiffs also filed an amended complaint. Dkt. 24.

In the amended complaint, plaintiffs assert claims under the Administrative Procedure Act, contending that defendants unlawfully applied the Immigration and Nationality Act (INA) in adjudicating Nasrin and Alireza's visa applications and that they are likely to do so again for their future visa applications. (The defendants are all federal government officials sued in their official capacities. For simplicity's sake, the court will refer to them collectively as "the government.") The government moves to dismiss the amended complaint for lack of

standing under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

The court concludes that plaintiffs have standing to sue based on Nasrin and Alireza's continued exclusion from the United States and the near certainty that their future visa applications will be denied under Proclamation 10949. But the court agrees with the government that plaintiffs' claims are barred by the doctrine of consular non-reviewability, because they amount to an indirect attack on the consular officer's 2025 denial of Nasrin and Alireza's visas. The court will grant the motion to dismiss.

## BACKGROUND

Plaintiff Mehraveh Garjani is a citizen of the United States who resides in Middleton, Wisconsin. Her parents, Nasrin Dizaji and Alireza Garjani, are citizens of Iran who reside in Iran. In September 2022, Nasrin and Alireza completed non-immigrant visa applications to visit Mehraveh in the United States. In 2023, the government denied those applications on a preliminary basis pending further administrative processing. Dkt. 24-6.

In August 2024, plaintiffs filed this lawsuit, alleging undue delay in the adjudication of Nasrin and Alireza's visa applications. The lawsuit and the visa applications were still pending in June 2025, when the president issued Proclamation 10949, entitled "Restricting the Entry of Foreign Nationals To Protect the United States From Foreign Terrorists and Other National Security and Public Safety Threats." 90 Fed. Reg. 8451 (June 4, 2025). Proclamation 10949 fully or partially suspended the entry into the United States of individuals from nineteen countries, including Iran.

About a month after the issuance of Proclamation 10949, a consular officer denied Nasrin and Alireza's visa applications, citing Proclamation 10949. Dkt. 24-7. Mehraveh Garjani has since filed petitions for family-based visas on behalf of Nasrin and Alireza, and they are currently awaiting visa interviews.

ANALYSIS

Plaintiffs bring claims under the Administrative Procedure Act, contending that the government unlawfully adjudicated Nasrin and Alireza's visa applications. Recognizing that in most circumstances, "visa decisions made by consular officers abroad are not subject to judicial review," plaintiffs do not ask the court to set aside the consular officer's July 2025 visa decisions. *Pak v. Biden*, 91 F.4th 896, 900 (7th Cir. 2024). Instead, plaintiffs seek a declaratory judgment that Proclamation 10949 prohibits only the entry of Iranian citizens into the United States, not the issuance of visas to Iranian citizens. Plaintiffs also seek an injunction ordering the government "to take all appropriate action to render lawful final adjudications of plaintiffs' next visa applications." Dkt. 24, at 13.

The government moves to dismiss plaintiffs' complaint for lack of standing under Federal Rule of Civil Procedure 12(b)(1). They also move to dismiss for failure to state a claim under Rule 12(b)(6), contending that plaintiffs' claims are barred by the doctrine of consular non-reviewability, and alternatively, that they fail on the merits.

**A. Standing**

To establish this court's jurisdiction, plaintiffs must demonstrate standing for each of their claims and for each form of relief that they seek. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). To demonstrate standing, a plaintiff must show that he (1) suffered an injury

in fact that is (2) fairly traceable to the challenged conduct of the defendant and (3) likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The government contends that plaintiffs' complaint lacks sufficient factual allegations to establish the injury-in-fact element. This is what's known as a facial challenge to jurisdiction. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). In reviewing a facial challenge, the court accepts plaintiffs' factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Id.*

Plaintiffs are seeking forward-looking declaratory and injunctive relief based on a risk of future injury. Thus, to establish standing, they have to allege facts plausibly suggesting that "the threatened injury is certainly impending or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (cleaned up); *see also Swanigan v. City of Chicago*, 881 F.3d 577, 584 n.2 (7th Cir. 2018) (plaintiff must demonstrate that he is experiencing "ongoing or impending harm").

The court concludes that plaintiffs have standing. Mehraveh Garjani alleges that she and her parents are experiencing an ongoing separation that will continue until Nasrin and Alireza are able to obtain visas to come to the United States. The parties appear to agree that that type of harm is a concrete, particularized injury for the purpose of Article III standing. *Trump v. Hawaii*, 585 U.S. 667, 698 (2018) ("a person's interest in being reunited with his relatives is sufficiently concrete and particularized"). The government contends that plaintiffs' asserted injury is not "certainly impending" because plaintiffs have only just begun the process of seeking new visas, so they don't yet know whether they will be denied. But the court disagrees. Proclamation 10949 unequivocally bars Iranian citizens from entering the United

States, and a consular officer already denied Nasrin and Alireza visas on that basis. It seems all but certain that their new visa applications will suffer the same fate.

*Pietersen v. U.S. Dept. of State* is persuasive on this point. 138 F.4th 552 (D.C. Cir. 2025). Pietersen alleged that she had been denied a visa multiple times based on a State Department manual that allowed consular officers to deny visa applications if they had "reason to believe" that a noncitizen had willfully misrepresented a material fact on her application. The court held that Pietersen and her U.S. citizen fiancée had standing to bring a forward-looking claim because they "claim that the State Department has and will continue to apply the Manual's guidance to Pietersen's visa applications; as such, it is apparent that [their] injury is traceable to the challenged State Department guidance and that [their] injury is likely redressable through a declaration that the guidance is unlawful." *Id.* Similarly, the plaintiffs in this case allege that their visas were denied under Proclamation 10949 and that the government will almost certainly continue to deny future visa applications on the same basis. That's enough to establish standing for the forward-looking relief that plaintiffs seek.

**B. Consular non-reviewability**

The government also contends that plaintiffs' claims fail under the doctrine of consular non-reviewability. Rooted in separation of powers principles, the doctrine recognizes that "the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'" *Dept. of State v. Muñoz*, 602 U.S. 899, 902 (2024) (quoting *Trump*, 585 U.S. at 702). Subject to limited exceptions that the parties agree are not relevant here, the doctrine of consular non-reviewability instructs that "visa decisions made by consular officers abroad are not subject to judicial review." *Pak*, 91 F.4th at 900.

In its brief, the government contends that the doctrine of consular non-reviewability is a jurisdictional issue, but that's incorrect. *Muñoz*, 602 U.S. at 908 n.4 ("the doctrine of consular nonreviewability is not jurisdictional"); *Matushkina v. Nielsen*, 877 F.3d 289, 294 n.2 (7th Cir. 2017) ("We treat the doctrine of consular nonreviewability as a matter of a case's merits rather than the federal courts' subject matter jurisdiction."). Because consular non-reviewability is non-jurisdictional, the proper standard to analyze the government's arguments on this issue is Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). The question is whether, after accepting plaintiffs' factual allegations as true and drawing all reasonable inferences in plaintiffs' favor, plaintiffs have stated a plausible claim for relief. *BBL, Inc. v. City of Angola,* 809 F.3d 317, 325 (7th Cir. 2015).

Plaintiffs say that consular non-reviewability does not bar their claims because they are not challenging the consular officer's July 2025 denial of their visa applications; instead, they are challenging the government's interpretation of the law that led to the denials. Plaintiffs cite two cases from the D.C. Circuit to support this argument. First, plaintiffs point to *Pietersen*, in which the court held that a visa applicant could pursue a forward-looking challenge to a State Department manual for consular officers. 138 F.4th 552. The court reasoned that consular non-reviewability did not apply because the plaintiff was challenging "the lawfulness of [a] State Department policy," not the "particular visa determinations made by a consular officer." 138 F.4th at 560. Second, plaintiffs point to *Thein v. Trump*, No. cv 25-2369, 2025 WL 2418402 (D.D.C. Aug. 21, 2025), in which the court held that consular non-reviewability did not bar a challenge to State Department guidance advising consular officers to deny visas to applicants from countries covered by Presidential Proclamation 10949, the same presidential

proclamation at issue in this case. The court reasoned that consular non-reviewability applies only after a consular officer has rendered a decision on a visa, so the court could review the lawfulness of the State Department guidance for a subset of plaintiffs whose visa applications were still pending. *Id.* at *7–*8.

*Pietersen* and *Thein* support plaintiffs' position, but they are both out-of-circuit cases. And as the government points out, they are at odds with the Seventh Circuit's binding precedent in *Matushkina v. Nielsen*, 877 F.3d 289 (7th Cir. 2017). The plaintiff in *Matushkina* had been found inadmissible during an attempt to enter the country in 2009. Later, she applied for a family-based visa, and in 2015, a consular officer denied the visa application because of the 2009 inadmissibility determination. Matushkina brought suit under the APA, and, in an attempt to avoid the doctrine of consular non-reviewability, she asserted that she was challenging only the 2009 inadmissibility determination, not the 2015 visa application denial. *Id.* at 292. But the court of appeals rejected that theory, reasoning that Matushkina's suit was an "indirect attack" on the visa denial because she was challenging the legal determination on which the visa denial was based. *Id.* at 295. The court explained that the "timing of Matushkina's suit is telling" because she challenged the 2009 inadmissibility determination only after it was used to deny her a visa. *Id.* And the court explained that the "relief Matushkina seeks is equally telling" because the declaratory judgment she sought would "remove an obstacle for her visa application." *Id.*[1]

[1] The court of appeals did not say whether Matushkina began a new visa application after her first one was denied. But the court's explanation that Matushkina sought to "remove an obstacle for her visa application" implies that she had applied for a new visa or at least that she planned to do so. *Id.*

The court reads *Matushkina* to bar claims that amount to indirect attacks on the legal bases for a visa determination, which is the nature of plaintiffs' claims in this case. Like the plaintiff in *Matushkina*, Nasrin and Alireza's visa applications were denied, and they now seek to challenge the legal basis for the denials in an attempt to "remove an obstacle" from their future applications. Plaintiffs' claims are barred by the doctrine of consular non-reviewability under this circuit's controlling precedent.

One final point. In their amended complaint, plaintiffs also raise a second claim, which is related to the preliminary denials of Nasrin and Alireza's visa applications in 2023. At that time, the government told Nasrin and Alireza that their applications had been denied under 8 U.S.C. § 1201(g), which is a catch-all statute for visa applications that are missing necessary documentation or that require a background check or other additional steps before a final decision can be made. Plaintiffs say that the government didn't tell them the specific subsection of § 1201(g) that their application had been denied under, so they didn't know whether the denial was final or whether they needed to wait for additional processing. Plaintiffs request a declaratory judgment that the INA requires the government to identify a specific subsection of § 1201(g) when it denies a visa application under that statute, so that the applicant knows whether the denial is temporary or final. Dkt. 24, at 10.

Plaintiff's § 1201(g) claim is about the government's *procedure* for adjudicating visa applications, so it's not clear whether the doctrine of consular non-reviewability applies to that claim in the same way as their other claim. *See Ebrahimi v. Blinken*, 732 F. Supp. 3d 894, 907 (N.D. Ill. 2024) (consular non-reviewability applies only to claims about final visa decision, not to procedural challenges to the visa adjudication process). But plaintiffs don't discuss their § 1201(g) claim separately in their brief, so they have forfeited any contention that it survives

independent of their other claim. *See Wine & Canvas Dev., LLC v. Muylle*, 868 F.3d 534, 538 (7th Cir. 2017). And in any event, the issue is ultimately irrelevant because plaintiffs' § 1201(g) claim fails on the merits. The documents that plaintiffs attached to the complaint show that the government told plaintiffs in 2023 that their visas had been denied under § 1201(g) "pending additional administrative processing" that "remains underway at this time." Dkt. 24-4. That language plainly informed plaintiffs that the denial was temporary and their applications were still under review. Nothing in the INA or the implementing regulations requires more.

Plaintiffs' complaint fails to raise a plausible claim for relief, so the court will grant the government's motion to dismiss under Rule 12(b)(6). The Seventh Circuit has cautioned against dismissing a complaint without leave to amend, but the court may do so if any amendment would be futile. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012). The court has concluded that consular non-reviewability bars plaintiffs' claims challenging the basis for their visa denials, so there is no way that plaintiffs could amend their complaint to state a claim for relief. Plaintiffs' complaint will therefore be dismissed with prejudice and without leave to amend.

## ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss the amended complaint, Dkt. 28, is GRANTED.

2. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered September 15, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge